DANIEL G. STOUGHTON AND HATTIE E. STOUGHTON v. DENISON
B. WOODWARD.

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed October 2, 1917.

*P. S. 1766, 1767—Assessment of Damages by Jury After Judgment on Plea in Abatement.*

After defendant's plea in abatement had been falsified by the facts and judgment thereon rendered against him, he was not entitled as of right, under P. S. 1766 and 1767, to an assessment of damages by a jury.

GENERAL AND SPECIAL ASSUMPSIT. Plea in abatement, alleging that none of the parties resided within the jurisdiction of the court. Trial by the court at the December Term, 1916, Orange County, *Fish,* J., presiding. On facts found by the court, the plea was overruled, and judgment rendered thereon for plaintiff. Defendant thereupon objected to the assessment of damages by the court claiming a right to a jury trial for this purpose. Objection overruled. Defendant excepted. The opinion states the case.

*Charles Batchelder* for defendant.

*Hale K. Darling* for plaintiffs.

POWERS, J. Taking the defendant at his word, the only question presented by this record is whether, after his plea in abatement had been falsified by the facts and judgment thereupon rendered against him, he was entitled as of right to a trial by jury on the question of damages. And this question is to be determined by a proper construction of P. S. 1766, and 1767.

Section 1766 comes down to us from the revision of 1787, wherein it appears in the following form: "And where judgment shall be rendered by default, or on demurrer, in any suit in any court in this state, such court shall have full power to

ascertain the sum due, and give judgment accordingly." Old Statutes, pp. 44, 45. Subsequently, this section was so amended as to give to the judges of the court rendering judgment by default or on demurrer "full power" to ascertain the sum due "by themselves, by the jury in court, the report of the clerk, or the report on oath of any person appointed as an inquest by the court." It is quite apparent that the only effect of this change in the statute was to extend the authority of the judges and to grant them discretionary power to assess damages in any one of the ways specified. See *Brown* v. *Irwin,* 21 Vt. at p. 73. With the statute standing in this way, the Legislature passed No. 32, Acts of 1846, which, without change here material, became P. S. 1767. It provides that damages are to be assessed by a jury at the request of either party, when no other provision of law is made therefor. The result was that in all cases other than those in which judgment was rendered by default or on demurrer, either party was entitled as of right to a jury trial on the question of damages. But by the Revision of 1863, the statute first above referred to was so amended as to cover all cases wherein judgment was rendered otherwise than on the verdict of a jury (G. S. c. 30, § 48), which provision is now in force. (P. S. 1766). This change in the statute left nothing for the Act of 1846 to operate upon, except cases tried by jury.

It follows, then, that the court properly overruled the defendant's request for an assessment by a jury and the only exception relied upon is without merit.

*Affirmed.*